Per Curiam.

The record does not present a proper case for the intervention of a court of equity. The reasonableness of the time fixed for the discontinuance of temporary direct current service, as well as the reasonableness of the extension sought by plaintiff, are matters to be determined by the Public Service Commission in the first instance. (Matter of Leitner v. New York Tel. Co., 277 N. Y. 180; Murray v. New York Tel. Co., 170 App. Div. 17, affd. 226 N. Y. 590; Metzger v. New York State Rys., 168 App. Div. 187; Ten Ten Lincoln Place, Inc., v. Consolidated Edison Co., 190 Misc. 174, affd. 273 App. Div. 903, motion for leave to appeal denied 298 N. Y. 937; Matter of Earl Carroll Realty Corp. v. New York Edison Co., 141 Misc. 266.) Where it appears that *1062 irreparable damage will be sustained before an application to the commission can be made, a court of equity will intervene for the purpose of affording the time necessary for the making of the application. In this ease, however, it does not appear that at the time the action was commenced there was not sufficient time remaining to permit recourse to the commission. On the contrary, the record shows that plaintiff not only had ample time within which to complete its change-over work, but also more time than was necessary to call the commission’s attention to the situation in which plaintiff found itself as the result of its own delay.
The order appealed from should, therefore, be reversed, with costs to the appellant, and the motion to dismiss the complaint granted, with costs.
Glennon, J. P., Cohn, Callahan, Yan Yoorhis and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted, and judgment is directed to be entered dismissing the complaint herein, with costs.