In the Matter of JAMES O'SULLIVAN, Doing Business under the Name of TECHNIGLAS, Petitioner, against BENJAMIN F. FEINBERG et al., Constituting the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, et al., Respondents.

Supreme Court, Special Term, Albany County, June 1, 1951.

*Abraham Marcus* and *Alan J. Stein* for petitioner.

*Sherman C. Ward, Raymond J. McVeigh* and *George H. Kenny* for Benjamin F. Feinberg and others, constituting the Public Servic Commission, respondents.

*Patrick H. Sullivan* and *Bernard L. Sanoff* for New York and Richmond Gas Company, respondent.

Taylor, J. This is an application under article 78 of the Civil Practice Act for an order granting a review of the determination of the Public Service Commission of the State of New York (hereinafter called the commission) and for a final order determining that respondent, New York and Richmond Gas Company (hereinafter called the gas company), be required to pay the cost and expense of converting petitioner's equipment and appliances so that the same will perform satisfactorily with the use of natural gas the operations theretofore successfully completed with the use of manufactured gas.

No question as to the sufficiency or competency of the evidence taken before the hearing examiner and upon which the commission based its determination has been raised. (Civ. Prac. Act, § 1296, subds. 6, 7.) The question raised is whether, in making its determination, the commission has violated any rule of law affecting the rights of the parties (Civ. Prac. Act, § 1296, subd. 5).

Since 1946, petitioner has been engaged in the manufacture of glass ampoules and related objects used primarily for pharmaceutical purposes which must meet minute specifications. Petitioner devised and constructed apparatus to accomplish his purpose with the use of manufactured gas supplied by the gas company. On or about the 10th day of May, 1949, the gas company petitioned the commission for authority to convert its entire system from the use of manufactured gas to the use of natural gas and proposed, among other things, that when the conversion had been completed, it would adjust the equipment and appliances of its consumers for the utilization of natural gas. The commission, in approving the gas company's change-over to natural gas, made an order dated June 28, 1949, authorizing it to issue securities, the proceeds of which were to be applied: " (a) To the payment of the proper charges and costs directly related to conversion of the plant and system of New York and Richmond Gas Company and conversion of equipment and appliances of its customers to the utilization of natural gas."

The commission, after a hearing held upon the petitioner's complaint, interpreted its order to mean that the gas company was not required to elongate or to pay the cost of elongating the equipment of the petitioner or otherwise to revise his appliances to effect a variation of the time during which the articles which were manufactured by him were exposed to a gas flame to produce a particular heating effect. Its obligation was held to have been sufficed if the appliances and equipment which had been previously served with manufactured gas were converted

in such a manner that the gas burners thereof would function adequately, satisfactorily, efficiently and safely. That determination, asserts the petitioner, was unjust, unreasonable, unduly preferential, arbitrary, capricious and violative of the provisions of subdivision 3 of section 65 of the Public Service Law.

Subdivision 3 of section 65 of the Public Service Law reads: " No gas corporation, electric corporation or municipality shall make or grant any undue or unreasonable preference or advantage to any person, corporation or locality, or to any particular description of service in any respect whatsoever, or subject any particular person, corporation or locality or any particular description of service to any undue or unreasonable prejudice or disadvantage in any respect whatsoever." The isolated judicial construction of section 65 would be quixotic. Its proper interpretation requires reference to its concomitant, section 66 of the same law. Insofar ·as pertinent to this proceeding, the latter section reads as follows: " 5. * * * Whenever the commission shall be of opinion, after a hearing had upon its own motion or upon complaint, that the rates, charges or classifications or the acts or regulations of any such person, corporation or municipality are unjust, unreasonable, unjustly discriminatory or unduly preferential or in anywise in violation of any provision of law, the commission shall determine and prescribe * * * the just and reasonable acts and regulations to be done and observed; ".

By these enactments, the Legislature has confided the regulation of gas corporations to the Public Service Commission. It has commanded it to determine whether acts of gas corporations are unjust, discriminatory, unduly preferential or in anywise in violation of law, and, after a hearing, to determine and prescribe the just and reasonable acts to be done and observed remedially. While the courts have retained the power to review the commission's determinations, their function in so doing is limited in scope. Their ambit of review has been delineated in *People ex rel. New York & Queens Gas Co.* v. *McCall* (219 N. Y. 84, 88) wherein it was held: " The law governing the commission is well expressed by the Minnesota Supreme Court in *State* v. *Great Northern Ry. Co.* (153 N. W. Rep. 247). It is there said: ' The order may be vacated as unreasonable if it is contrary to some provision of the federal or state constitution or laws, or if it is beyond the power granted to the commission, or if it is based on some mistake of law, or if there is no evidence to support it, or if, having regard to the interests of both the

public and the carrier, it is so arbitrary as to be beyond the exercise of a reasonable discretion and judgment.' (See, also, *People ex rel. Town of Hempstead* v. *State Board of Tax Comrs.*, 214 N. Y. 594; *People ex rel. Morrissey* v. *Waldo*, 212 N. Y. 174.) '' Widely reiterated without extension or extenuation that principle is firmly imbedded in our law. More recently the Court of Appeals has said: '' ' The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body ' *Rochester Tel. Corp.* v. *U. S.*, 307 U. S. 125, 146).'' (*Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104, 108.)

The burden is on the aggrieved party to demonstrate the lack of reasonableness in the determination which he challenges. The petitioner herein has failed to do so. He alleges that the equipment and appliances of all other consumers of gas furnished by the company have been satisfactorily converted so that they now perform satisfactorily the same functions performed heretofore with the use of manufactured gas but he nowhere alleges any facts showing that under the same or substantially similar circumstances or conditions the gas company has treated other customers differently than him. In *Matter of City Ice & Fuel Co.* v. *Public Service Comm.* (260 App. Div. 537, 542) the court, in language peculiarly apposite to the case at bar, said: '' Subject to the two leading prohibitions that its charges shall not be unjust or unreasonable, and that it shall not unjustly discriminate so as to give undue preference or disadvantage to customers similarly circumstanced, the law leaves the utility, as it was at common law, free to extend its facilities and to afford inducements to encourage its business and to foster its interests on the same principles which are followed in other pursuits and trades. (*Interstate Commerce Comm.* v. *Chic. G. W. R. Co.*, 209 U. S. 108; *Interstate Commerce Comm.* v. *Alabama Midland R. Co.*, 168 id. 144; *Interstate Commerce Comm.* v. *Cincinnati, etc., R. Co.*, 167 id. 479; *Interstate Commerce Comm.* v. *Baltimore & Ohio R. R. Co.*, 145 id. 263.) ''

In an analogous case (*Hunt* v. *Marianna Elec. Co.*, 114 Ark. 498, 505) the Supreme Court of Arkansas said the following: '' It is no doubt true that these plaintiffs, from their standpoint, will be required to incur an expense without fault on their part; but some one at last must bear this expense, and we think that burden must fall upon them. Opportunity for wide choice exists in the selection of appliances for the use of the electric current, and interminable confusion might ensue and great injustice be done if the company was required to take into account these

various opinions and preferences resulting from the change in appliances. It was the duty of the plaintiffs in the first instance to furnish their own appliances, and the change of system not having been made needlessly or capriciously, we think it equitable that they should acquire, at their own expense, such fixtures as are adapted to their purposes to receive the current under the new system.''

It has been held, also, that no consumer has any vested right to utility service except to the extent that the Public Service Law grants him such right and that his constitutional guarantees of due process or equal protection under such circumstances may not be invoked. (*United States Light & Heat Corp.* v. *Niagara Falls Gas & Elec. Light Co.*, 47 F. 2d 567; *Ten Ten Lincoln Place* v. *Consolidated Edison Co.*, 190 Misc. 174, 177, affd. 273 App. Div. 903.)

The petitioner has not demonstrated that the commission's determination has violated any provision of law or is without rational basis to support it.

The petition must be and therefore is dismissed on the merits, without costs.

Submit order.

The records of the proceedings before the Public Service Commission may be obtained by the respondent commission at chambers in Troy, New York.