Henry Epstein, J.
The defendant moves for dismissal of the complaint pursuant to subdivision 1 of rule 107 of the Rules of Civil Practice. The application made pursuant to subdivision 4 of rule 106 is withdrawn. The action claimed to be maintainable here involves an alleged grievance arising from a changeover from the distribution and sale of manufactured gas to natural gas. In its application before the Public Service Con? *432 mission for leave to effect such, a change-over the defendant proposed to ” adjust, at its own expense, the gas burner, appliances and equipment of the consumers, so that such appliances and equipment will satisfactorily burn natural gas The application was granted. This the plaintiff urges constituted a contractual arrangement of which it may take advantage, the obligation was violated, no administrative question is involved and plaintiff may sue for and recover the damage incurred by the breach.
Jurisdiction there is, if the pleading unequivocally tenders solely a claim of contractual breach. This the complaint fails to do. It is equivocal and it seems purposely so to evade the necessity of resorting to administrative procedure. Plaintiff alleges that pursuant to the order of the commission entered upon its application the defendant was obliged not later than September 1, 1958 to make the indicated adjustment, that defendant converted and changed its supply of gas to the plaintiff from manufactured to natural gas; that it attempted to adjust plaintiff’s automatic gas-burning equipment, so that it would automatically manufacture incandescent electric light bulbs, while satisfactorily burning and using natural gas; that in spite of adjustments the automatic gas-burning appliances and equipment cannot and will not satisfactorily burn natural gas for use in its automatic equipment of manufacturing incandescent electric light bulbs without the use of oxygen as an additive to natural gas; that thereupon the defendant installed in connection with plaintiff’s automatic machinery, equipment for the utilization of bottled oxygen to be mixed with natural gas in order to produce a satisfactory burning in the automatic manufacture of incandescent electric light bulbs, and finally that in order satisfactorily to burn natural gas in plaintiff’s automatic manufacturing processes plaintiff has been required to use large quantities of bottled oxygen as an additive.
The issue is controlled by the order of the Public Service Commission in its Case No. 14665 arising upon the complaint of James O’Sullivan against the New York and Richmond Gas Company and which was sustained on review (Matter of O’Sullivan v. Feinberg, 201 Misc. 658). There the order was made upon a proposal “ to adjust the customers’ equipment and appliances for the utilization of straight natural gas”. No substantial difference exists (as plaintiff urges) between the respective proposals made in this and in the O’Sullivan case. Plaintiff makes no direct allegation that defendant did not make such an adjustment of the appliances and equipment as will cause natural gas to burn satisfactorily. The distinction which *433 plaintiff does make relates not to the satisfactory burning of natural gas by the appliances and equipment as adjusted, but rather that there is a resulting inadequacy or additional burden in putting the adjusted appliances and equipment to use in the manufacture of plaintiff’s finished product by reason of the necessity to use oxygen as an additive. It is not stated that the use of oxygen as an additive is necessary to make the natural gas burn satisfactorily but rather that its use is essential as an additive to the satisfactory burning of natural gas as a part of plaintiff’s manufacturing process to produce its finished product. In other words, the difference arises not in the burning process but in the manufacturing processes. Thus, a contractual violation is not relied upon.
Contrary to its contention plaintiff is seeking administrative relief and discriminatory treatment. In the O’Sullivan matter the same general fact situation was presented and the commission there stated:
“It is to be noted that the manufacturing processes of complainant require a particular type of flame and a particular heating effect, but the latter is a function not only of the gas but also of the time or duration of application of heat. It is no more the obligation of the company to change the interval of application of heat by longer burners with longer machine bed than it would be to change the heat application interval by alteration of the rate of travel through the flame or other major revision of the entire process.
“ Specifically, the gas company is not required to elongate or (o pay the costs of elongating the machine of petitioner or otherwise to vary the time during which the articles being processed by complainant are exposed to the gas flame.”
It further stated: “ The gas company therefore is under obligation to see to it that appliances and equipment previously served with manufactured gas are converted in a manner so that the gas burners will function adequately, satisfactorily, efficiently, and safely. In some instances this may mean merely minor adjustment, the redrilling of parts, the substitution of different burner tips, changing of louvres, or it may mean more extensive revisions of the manifolds or of the housings of the orifices, whatever they may bo, from which the combustible mixture emerges for burning. The. change necessary mil vary with different types of installations, and only the general principle may be stated, but even then exceptions in particular instances may apply.”
Thus, it is clear that if plaintiff seeks a direction that the defendant be required to take exceptional steps in addition to *434 those necessary adjustments required to produce a satisfactory burning of natural gas by plaintiff’s appliances and equipment the matter requires the investigation and determination of the commission in the first instance. The commission is commanded ‘ ‘ to determine whether acts of gas corporations are unjust, discriminatory, unduly preferential or in anywise in violation of law, and, after a hearing, to determine and prescribe the just and reasonable acts to be done and observed remedially ” (Matter of O’Sullivan, supra, p. 661). In sustaining the order of the commission in the O’Sullivan case, the court also stated (p. 662): “ He alleges that the equipment and appliances of all other consumers of gas furnished by the company have been satisfactorily converted so that they now perform satisfactorily the same functions performed heretofore with the use of manufactured gas but he nowhere alleges any facts showing that under the same or substantially similar circumstances or conditions the gas company has treated other customers differently than him ”. And again (p. 663)It was the duty of the plaintiffs in the first instance to furnish their own appliances, and the change of system not having been made needlessly or capriciously, we think it equitable that they should acquire, at their own expense, such fixtures as are adapted to their purposes to receive the current under the new system.” (Emphasis supplied.)
What has not been made clear by the complaint appears to be crystal clear upon the basis of this submission, that a complying changeover has been made but plaintiff seeks different treatment which will go further than the requirements of the functioning of the appliances and equipment in the burning of natural gas and will in addition serve plaintiff’s processes in the manufacture of its product. Such a claim does not furnish basis for action maintainable here.
No challenge is made to the fairness or constitutionality of the subject order and especially the portion thereof which authorizes the defendant to record and accumulate in appropriate account such extraordinary operation and maintenance expenditures which may be amortized over a stated period of years and which thereupon may become reflected in the rate schedules. It is therefore unnecessary to discuss the effect of the amortization of the cost of the change-over and of such additional costs as may be incurred in cases such as this.
The motion is granted and the complaint is dismissed.